# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-60520-CIV-ROSENBAUM/HUNT

VERNON GRIFFIN,

        Plaintiff,

v.

J.A.R.S., LLC, and
THE WHOLE ENCHILADA
FRESH MEXICAN GRILL, LLC,

        Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court on Defendants J.A.R.S., LLC, and The Whole Enchilada

Fresh Mexican Grill, LLC's Motion to Dismiss and/or for More Definite Statement [ECF No. 4].

The Court has carefully reviewed Defendants' Motion, all supporting and opposing filings, and the

record.  For the reasons set forth below, the Court now denies Defendants' Motion to Dismiss.

### *I.  Background*[1]

Plaintiff Vernon Griffin is "disabled" under the Americans With Disabilities Act, 42 U.S.C.

§ 12181, *et seq.* ("ADA"), as he lacks the ability to walk or stand, to hear out of his left ear, and to

speak without great difficulty (if at all), as a result of a series of strokes that he suffered during 2008.

ECF No. 1 at ¶ 3.  To ambulate, Griffin must use a motorized wheelchair.  *Id.*

---

[1]The background is taken from the Complaint in this matter, as all factual allegations in a
complaint must be accepted as true and construed in the light most favorable to the plaintiff on a
motion to dismiss.  *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1286 (11th Cir. 2010)
(citation omitted).

During December 2013, Griffin attempted to access Defendants' property, a restaurant known as The Whole Enchilada.  *Id.* at ¶¶ 4, 9.  At that time, however, Defendant could not fully access The Whole Enchilada because of physical barriers to his access, dangerous conditions, and alleged ADA violations.  *Id.* at ¶ 9.  In addition, Griffin claims to have encountered discriminatory policies towards the disabled, precluding or limiting Griffin's access to the facilities, goods, and services offered.  *Id.* Griffin has expressed his desire to visit The Whole Enchilada again "in the near future" to enjoy Defendants' facilities, goods, and services but has alleged that he will be unable to do so as a result of the alleged barriers and policies in place at the restaurant.  *Id.* at ¶ 10.

Contained within the Complaint is a listing of eleven specific alleged deficiencies at The Whole Enchilada.  *See id.* at ¶ 12.  Each alleged deficiency also identifies the particular ADA standard promulgated by the Department of Justice that the alleged deficiency violations.  *See id.* Among other alleged deficiencies, the complaint asserts that the property suffers from the following problems:

a) Non-compliant disabled person parking spaces (in violation of STANDARDS 208 and 502);

b) Non-compliant accessible routes from the parking spaces, public street, sidewalk and public transportation stop to the restaurant including non-compliant curb ramps (in violation of STANDARD 206);

c) Non-compliant floor and ground surfaces (in violation of STANDARDS 302, 303, 304, 305, 306 and 307);

d) Non-compliant interior accessible routes and clear floor space (in violation of STANDARDS 206, 402, 403 and 404);

e) Non-compliant restrooms including improperly heighted dispensers and mirror and lack of compliant side approach on the restroom stall door (in violation of STANDARDS 213,

-2-

603 and 604);

f)      Non-compliant lavatory and sink (in violation of STANDARD 606);

g)      Non-compliant signage (in violation of STANDARD 216);

h)      Non-compliant service counters (in violation of STANDARDS 227 and 904);

i)      Non-compliant doors and doorways (in violation of STANDARD 404);

j)      Non-compliant indoor and outdoor seating spaces (in violation of STANDARDS 226 and 902) and

k)      Non-compliant dining surfaces and bars (in violation of STANDARDS 226 and 902).

*Id.* at ¶ 12.  Griffin seeks an injunction under the ADA requiring Defendants to remove the alleged physical barriers, dangerous conditions, and ADA violations, and to discontinue any discriminatory policies towards the disabled.  *Id.* at ¶ 15.

In response to the Complaint, Defendants filed the pending Motion to Dismiss, contending that they are unable to discern what violations Griffin alleges, based on his Complaint.  *See* ECF No. 4-1.  Defendants seek dismissal of the Complaint, or, in the alternative, to issue an order requiring Griffin to file a complaint that is "more specific as to what the exact violations are and not to place four violations in one paragraph."  *Id.* at 5.  In support of Defendants' Motion to Dismiss, Defendants attach a letter from Griffin's counsel, opining that the level of specificity contained in the Complaint is sufficient and offering to meet Defendants and defense counsel at The Whole Enchilada to "actually show [them] the areas at issue and explain the violations in any level of detail [they] desire."  ECF No. 4-3.

## *II.  Discussion*

Rule 12(b)(6), Fed. R. Civ. P., governs motions to dismiss for failure to state a claim. That rule provides, in relevant part,

> **(b)**   **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> **(6)**   failure to state a claim upon which relief can be granted; . . .

*Id.* The Court, therefore, considers the Federal Rules of Civil Procedure as they set forth the requirements for stating a claim.

Rule 8(a)(2), Fed. R. Civ. P., demands that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009); *Corbitt v. Home Depot U.S.A., Inc.*, 573 F.3d 1223, 1256 (11th Cir. 2009); *Cobb v. State of Fla.*, 293 F. App'x 708, 709 (11th Cir. 2008); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.  2007). "[N]aked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 555, 557. As the Supreme Court has explained, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'"  *Wilchombe*, 555 F.3d at 958 (quoting *Twombly*, 550 U.S. at 562).

On a motion to dismiss, the Court should accept the non-conclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted); *see also Cobb*, 293 F. App'x at 709; *Brown v. Budget Rent-A-Car Syst., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

Courts therefore conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 679. A court should first ask whether the pleading properly asserts "well-pleaded factual allegations," or instead merely asserts "'legal conclusions' [that are] not entitled to the assumption of truth." *Id*. at 679-680 (quoting *Twombly*, 550 U.S. at 555). If the complaint contains factual allegations that are well pled, the court should assume their veracity, and then move to the next step and ask whether the factual allegations "plausibly give rise to an entitlement to relief." *Id*. at 679. Thus, where the pleading asserts non-conclusory, factual allegations that, if true, would push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id*. at 680 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted).

To state a cause of action under Title III of the ADA, a plaintiff must demonstrate that (1) his is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Caldarola v. Rosner Realty LLC*, 2014 WL 537390 at *3 (S.D. Fla. Feb. 11, 2014) (citing 42 U.S.C. § 12182(a)). In discrimination cases involving existing buildings, a plaintiff must show that removal of an existing barrier is "readily achievable." *Id.* (citing *GathrightDietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006)).

Here, the Complaint satisfies the requirements of *Twombly* and *Iqbal*. It sets forth sufficient facts, that, taken as true, establish violations of the ADA. The Complaint alleges Griffin is a disabled person, that Defendants own and operate a place of public accommodation, and that Defendants discriminated against Griffin within the meaning of the ADA, and, contrary to Defendants' contentions, the allegations of the Complaint provide Defendants with sufficient notice of what is at issue in the case. *Twombly* and *Iqbal* require no more.

Defendants' contentions that they cannot understand what violations Griffin alleges do not alter the outcome. First, for the reasons set forth above, the Complaint is sufficiently detailed to survive a motion to dismiss.

Second, Defendants' claims that they are not capable of ascertaining from the Complaint the violations that Griffin alleges do not seem genuine. For example, Defendants complain that they cannot understand how paragraph 12.a of the Complaint, which cites Standards 208 and 502, relates to The Whole Enchilada because Section 208.2.1 "relates to hospital outpatient facilities and the defendants operate a restaurant[,]" and Section 208.2.3 "relates to residential facility Parking Spaces and the defendants operate a restaurant." ECF No. 4-1 at ¶ 2. Thus, Defendants assert, they "do not know how [to] fix or respond to Section 208 since it cannot be determined which section applies." *Id.* In support of their argument, Defendants attach certain pages of the ADA regulations, including Standards 208.2.1 and 208.2.3. *See* ECF No. 4-2.

But, although Section 208.2.1 clearly does not begin Section 208 and appears on page 34 of the excerpt that Defendants submit in support of their filing, Defendants conveniently do not attach page 33 of the same document, which includes the parts of Section 208 that precede Sections 208.2.1

-6-

and 208.2.3.  *See* ECF No. 4-2 at 10-11.[2]  Significantly, Section 208.1 provides, "**GENERAL.** Where parking spaces are provided, parking spaces shall be provided in accordance with 208." Section 208.2, in turn, notes the number of accessible parking spaces required for all establishments not specifically identified elsewhere in Section 208.  Put simply, Sections 208.1 and 208.2 apply to parking requirements at all facilities that must be ADA-compliant, unless another provision within Section 208 sets forth a parking requirement specific to a particular facility.  Defendants point to parts of Section 208 that they have picked and chosen and that they know do not apply to them and use those aspects of the Standards to argue that Section 208 as a whole does not apply to them when they know full well that the general parts of Section 208 do appear to apply to them.  Worse yet, they appear to attempt to hide the relevant parts of Section 208 by attaching only the irrelevant parts of the Standard to their Motion.  This does not comply with the duty of candor to the Court, and it is frivolous at best and disingenuous at worst.  Defendants' other challenges to the Complaint are similarly without basis, and the Court will not belabor this Order further pointing out the faults with them.

Finally, Defendants' repeated protestations that they cannot figure out what specific violations the Complaint alleges are even less warranted in light of the fact that Griffin's counsel has offered "to meet [Defendants' counsel] and [Defendants] at the property and actually show [them] the areas at issue and explain the violation in any level of detail [they] desire."  ECF No. 4-3.  While this offer would not suffice to remedy a deficient complaint, here, the Complaint satisfies the pleading standard.  Thus, if Defendants truly desire additional detail beyond what the law requires

---

[2]The page numbers of the original attachment differ from the page numbers imprinted by the Court's ECF system across the top of the filing.  The original page numbers 32 and 34 correspond to the ECF page numbers 10 and 11, respectively.

in the Complaint, they may address their questions directly to Griffin's counsel, who has already agreed to answer them.

### *III.  Conclusion*

For the foregoing reasons, Defendants J.A.R.S., LLC, and The Whole Enchilada Fresh Mexican Grill, LLC's Motion to Dismiss and/or for More Definite Statement [ECF No. 4] is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 21st day of April 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

The Honorable Patrick M. Hunt
Counsel of Record